# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Terry Lee Branson,

        Plaintiff,

vs.                               REPORT AND RECOMMENDATION

State of Minnesota,

        Defendant.               Civ. No. 10-1795 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff for leave to proceed in forma pauperis ("IFP").  See, Docket No. 2.  The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendant.  For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed.

The Plaintiff, who is an inmate at the Minnesota Correctional Facility, in Moose Lake, Minnesota, commenced this action by filing a pleading entitled "Appeal of

Order Dismissing or Restricting Inmate In Forma Pauperis Action." See, <u>Docket No. 1</u>. As far as we can tell, the Plaintiff is asking the Court to review, and reverse, a final Judgment which was recently entered by a Minnesota State Court, and which dismissed a civil action that the Plaintiff had attempted to bring in the State Court.

At the time this action was commenced, the Plaintiff did not pay any filing fee, but instead, he filed an Application seeking leave to proceed IFP. See, <u>Docket No. 2</u>. We previously reviewed the Plaintiff's IFP Application, and we reviewed his certified trust account information, as is required by Title 28 U.S.C. §1915. See, <u>Docket No. 4</u>. At that time, we noted that the Plaintiff had failed to provide a completed United States Marshal service form for the named Defendant, and that he was required to pay an initial partial filing fee in the amount of $11.36.

Accordingly, by Order dated April 30, 2010, we directed the Plaintiff to pay an initial partial filing fee of $11.36, as is required by Title 28 U.S.C. §1915(b)(1), and to submit a completed Marshal Service form for the named Defendant. We further advised the Plaintiff that, should he fail to comply with those requisites by May 21,

2010, we would recommend that his IFP Application be denied, and that this action be summarily dismissed.[1]

The deadline for satisfying the requirements of our Order has since expired, and the Plaintiff has failed to comply with the directives of that Order. Therefore, we recommend that the Plaintiff's Complaint be summarily dismissed, without prejudice, for failure to comply with our Order of April 30, 2010, and for failure to prosecute. See, Rule 41(b), Federal Rules of Civil Procedure; Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule

---

[1] We also informed the Plaintiff that it was virtually certain that his Complaint would not survive the initial screening process, due to several fatal defects in his Complaint. In particular, we noted that the Defendant in this action -- namely, the State of Minnesota -- is generally immune from suits brought against it in Federal Court, by reason of the Eleventh Amendment to the Constitution. Second, the Plaintiff appears to be asking the Federal Court to review, and reverse, a Judgment entered by a Minnesota State Court, but such relief is barred by the Rooker-Feldman doctrine. See, Dodson v. University of Ark. for Med. Sciences, 601 F.3d 750, 754 (8th Cir. 2010)(the Rooker-Feldman doctrine bars suits "brought by state-court losers complaining of injuries cased by state-court judgments rendered before the district court proceedings commenced.")[quotations omitted]. Third, given that the Plaintiff appeared to be asking the Court to overturn prison disciplinary proceedings, we concluded that such a claim would undoubtedly fail, for the reasons set forth by the Supreme court in Sandin v. Conner, 515 U.S. 472 (1995). However, given the Plaintiff's failure to submit the requisite initial partial filing fee, and the Marshal Service Form, we need not address those defects further.

or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Accordingly, we also recommend that the Plaintiff's IFP Application be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order of April 30, 2010, and for lack of prosecution

2.     That the Plaintiff's IFP Application [Docket No. 2] be denied, as moot.

Dated: July 1, 2010                          s/Raymond L. Erickson
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 15, 2010**, a writing which specifically identifies those portions of the Report to which

objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **July 15, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.